More
v.
Trumpbour
                                        Judgment for the plaintiff.

---

## More *against* Trumpbour.

T. had a judgment against M., and both agreed that P. should advance $100 to M. to pay to T. on the judgment; and that the judgment, which was for about $380, should stand as security for the $100 to P. The advance was accordingly made, and the money paid to T. M. not having repaid the money to P.; held, that T. might levy the sum upon the property of M.; and that, when this was done he held it in trust for P.

If one levy more upon a judgment than is due, the defendant may recover back the excess in an action.

Assumpsit, for work, goods, &c. (with the money counts tried at the Delaware circuit, December 23d, 1823, before Nelson, C. Judge ; when it appeared among other things, that the plaintiff had confessed a judgment in this court, January term, 1816, in favor of the defendant and one Eligh, on a bond conditioned for about $380.   That on the 31st of October, 1820, one Palen advanced to the plaintiff 100 dollars, which was paid by him to, and receipted by the defendant on this judgment, upon an agreement between all three of them, that Palen should be interested in the judgment to the amount of the 100 dollars, as his security ; and papers passed between the parties, showing that this was their understanding.   In pursuance of this agreement, the defendant had levied the judgment of the plaintiff's real estate, by execution, without giving him credit for the 100 dollars, which (with two other small items) the plaintiff sought to recover of the defendant in this action.   He attempted to show, at the trial, that, before the sale of his property, he had paid Palen the 100 dollars ; and though the balance of evidence was against him on this point, the jury found for him for his whole claim, the judge having charged them that at all events, and whether the plaintiff had paid Palen or not, the defendant had no right to collect the 100 dollars.

Now, on a motion for a new trial, therefore, one question was, whether Palen could be secured in the manner above stated, so as to entitle the defendant to sell and collect the money for him.

*J. Van Orden,* for the motion.

*J. Sudam,* contra.

*Curia,* per SUTHERLAND, J. I am of opinion that the judge erred in his charge to the jury, concerning the 100 dollars payment; and that the verdict on that point, is, also against the weight of evidence. There is no doubt that Palen was to be interested in the judgment to the amount of 100 dollars by way of security, for that sum advanced by him to More, to pay to Trumpbour. The memorandum sent by Trumpbour to Palen, dated the 30th of October, 1820, and the receipt More endorsed upon it, are conclusive evidence that the advance by Palen was upon the express condition that the judgment should be his security, and that both Trumpbour and More fully assented to it.

If More had paid the 100 dollars to Palen before the sale on the execution, then he is undoubtedly entitled to recover back that amount, with interest from Trumpbour; because he has in fact received 100 dollars more than the amount of the judgment. But he received that excess as the agent, and for the benefit of Palen, to whom he is accountable for it. The money advanced by Palen was, in reality advanced to Trumpbour, and not to More ; and did not, nor was it intended by the parties to operate as a payment upon the judgment, until More had settled the amount with Palen. The weight of evidence is very decidedly against the fact of payment to Palen. The testimony of Burhans is conclusive on the point.

New trial granted.